Filed 3/25/25  P. v. Ruggles CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C101718 |
| Plaintiff and Respondent, | (Super. Ct. No. 23CF00714) |
| v. | |
| JOHN ARTHUR RUGGLES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Arthur Ruggles filed an opening brief that sets forth the facts of this case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.  We direct the trial court to amend the abstract of judgment to list a court operations assessment of $40 and a conviction assessment of $30.

1

## BACKGROUND

On February 13, 2023, an officer responded to a hit and run traffic incident. The victim had been driving a motorcycle and suffered a spinal fracture, a broken wrist bone, and lacerations to his legs, arms, and face. A witness reported that the pickup truck responsible for the collision turned into a nearby RV park. Officers found the truck, which was registered to defendant, parked outside of defendant's home. Defendant admitted to being involved in a collision. A driver's license check showed that his license was suspended due to a prior incident of driving under the influence. A breathalyzer test administered after defendant's arrest returned a result of 0.21 percent.

The People charged defendant with driving under the influence of an alcoholic beverage (Veh. Code, § 23153, subd. (a)),[1] driving with more than a 0.08 percent blood alcohol content (§ 23153, subd. (b)), hit and run driving resulting in injury (§ 20001, subd. (b)(1)), and driving when the privilege had been suspended due to a conviction for driving under the influence (§ 14601.2, subd. (a)). The People alleged prior strike convictions, a prior serious felony conviction (Pen. Code, § 667, subd. (a)(1)), and that defendant personally inflicted great bodily injury on the victim (Pen. Code, § 12022.7, subd. (a)).

Defendant ultimately pled no contest to driving under the influence and hit and run driving resulting in injury. He admitted to the great bodily injury allegation and to having suffered a prior strike conviction and a prior serious felony conviction. Defendant waived his right to a jury trial as to any aggravating circumstances and stipulated to the upper term. The trial court sentenced defendant to six years (the upper term doubled due to the prior strike) for driving under the influence, 16 months (one-third of the middle

---

[1]     Undesignated statutory references are to the Vehicle Code.

term doubled due to the prior strike) for hit and run driving, three years for the great bodily injury enhancement, and five years for the prior serious felony conviction.

The trial court orally imposed (among other fines and fees) a court operations assessment of $40 (Pen. Code, § 1465.8) and a conviction assessment of $30 (Gov. Code, § 70373). However, the abstract of judgment lists the court operations assessment as $80 and the conviction assessment as $60. At a subsequent hearing, the court struck certain fines and fees due to defendant's inability to pay but found that defendant had the ability to earn wages to pay the $40 court operations assessment and the $30 conviction assessment.

Defendant timely appealed. Defendant did not request a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

As noted *ante*, there is a discrepancy in the record as to the amount of the court operations assessment and the conviction assessment. The general rule is that when there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We direct the trial court to amend the abstract of judgment to indicate that the court operations assessment is $40 and the conviction assessment is $30.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed. The trial court shall prepare an amended abstract of judgment that lists defendant's court operations assessment as $40 and the conviction assessment as $30, and then forward it to the Department of Corrections and Rehabilitation.

_____\\s\\_____,
Krause, J.

We concur:

_____\\s\\_____,
Mauro, Acting P. J.

_____\\s\\_____,
Boulware Eurie, J.